UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LOUELLA TRUSCLAIR** | * | **CIVIL ACTION:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **WALMART INC. AND WAL-MART LOUISIANA, LLC** | * | **MAGISTRATE:** |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**TO:** **The Honorable Judges**
**of the United States District Court**
**for the Middle District of Louisiana**

Defendants, Walmart Inc. and Wal-Mart Louisiana, LLC (hereinafter collectively, "Walmart"), file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.   On May 27, 2020, Louella Trusclair filed this lawsuit against Walmart Inc. and Wal-Mart Louisiana, LLC in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, bearing case number 696-640 and entitled "Louella Trusclair v. Walmart Inc. and Wal-Mart Louisiana, LLC." (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2.   Walmart was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on June 4, 2020. (*See* CT Corporation Service of Process Transmittal Notice attached hereto and marked for identification as Exhibit "B.")

3.     The suit seeks damages from Walmart for damages allegedly sustained by the plaintiff as a result of an incident that occurred at the Walmart Supercenter located at Cortana Mall in Baton Rouge, Louisiana, on July 28, 2019.

4.     Plaintiff alleges in Paragraph 13 of the Petition that as a result of the aforementioned incident, she sustained the following non-exclusive elements of damages:

1. Physical pain and suffering (past, present and future);
2. Mental anguish (past, present and future);
3. Loss of enjoyment of life (past, present and future);
4. Disfigurement and disability;
5. Medical expenses (past, present and future);
6. Lost Wages/Earnings (past, present and future); and
7. Loss of Earning Capacity.

Plaintiff does not detail the nature of her alleged injuries and Plaintiff's petition further fails to provide a general allegation that the claim exceeds or is less than the amount necessary to provide lack of jurisdiction in federal court due to insufficiency of damages. La. C.C.P. art. 893.

5.     On November 11, 2020, plaintiff served upon Walmart through its attorney of record Answers to Initial Interrogatories and Responses to Requests for Production of Documents. In Answer to Interrogatory No. 7, plaintiff provides that she has treated with numerous health care providers for injuries sustained in the accident, including the physicians at the Bone & Joint Clinic of Baton Rouge, as well as treatment received at the Orthopedic Surgery Center in Baton Rouge. In Answer to Interrogatory No. 11, plaintiff itemizes medical expenses to date totaling $95,085.02.

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

6. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

   A. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

7. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

8. Plaintiff has alleged injuries and damages that, if true, which defendant vehemently denies, place an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op.

9. While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

B.    **COMPLETE DIVERSITY**

10.    Walmart Inc. is a Delaware Corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

11.    Wal-Mart Louisiana, LLC is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, L.L.C. (GP) and WSE Investment, L.L.C. (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas, and the sole member of said two limited liability companies is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas.  All shares of stock in Wal-Mart Stores East, Inc. are owned by Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

12.    Plaintiff is a resident and domiciled in the Parish of East Baton Rouge, State of Louisiana.

13.    Accordingly, there is complete diversity of citizenship between the plaintiff and the only properly named defendants.

14.    This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the Petition for Damages, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00)

DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II. WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

15. Walmart was served with plaintiff's discovery responses through its attorney of record on November 11, 2020.

16. This Notice of Removal is being filed within thirty (30) days after first receipt by Walmart of a copy of the initial pleadings setting forth the claim of relief upon which the action is based, it is therefore timely under 28 U.S.C. § 1446(b).

17. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

18. The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

19. No previous application has been made by Walmart in this case for the relief requested herein.

20. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiff in proper person, and a copy is being filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

21. Petitioners, Walmart Inc. and Wal-Mart Louisiana, LLC, desire and are entitled to **trial by jury** of all issues herein.

WHEREFORE, defendants, Walmart Inc. and Wal-Mart Louisiana, LLC, hereby remove this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

*/s/ Roy C. Beard*
**ROY C. BEARD, ESQ. (#17461)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
*Attorney for Walmart Inc. and Wal-Mart Louisiana, LLC*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 2nd day of December, 2020, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by filing this pleading electronically using the United States District Court for the Middle District of Louisiana ECF system.

*/s/ Roy C. Beard*
ROY C. BEARD