```
EAST BATON ROUGE PARISH    C-696640
Filed May 27, 2020 2:51 PM       25
Deputy Clerk of Court
E-File Received May 27, 2020 11:45 AM
```

| | | |
|---|---|---|
| LOUELLA TRUSCLAIR | * | DOCKET NO: **696640** SEC: **25** |
| | * | 19th JUDICIAL DISTRICT COURT |
| VERSUS | * | PARISH OF EAST BATON ROUGE |
| WAL-MART LOUISIANA, LLC AND WALMART, INC. | * | STATE OF LOUISIANA |

FILED: _____    DATE: _____

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes **LOUELLA TRUSCLAIR**, a resident of the full age of majority of the Parish of East Baton Rouge, State of Louisiana, who respectfully represents:

1.

Made defendants herein are:

1. **WAL-MART LOUISIANA, LLC**, a foreign limited liability company authorized to do and doing business in the State of Louisiana, with its agent for service of process being CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816; and

2. **WALMART, INC.**, a foreign corporation authorized to do and doing business in the State of Louisiana, with its agent for Service of Process being CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

2.

On July 28, 2019, **LOUELLA TRUSCLAIR**, was a customer of the Wal-Mart Supercenter Store # 839 located at 9350 Cortana Place, Baton Rouge, Louisiana 70815 ("hereinafter referred to sometimes as the "store").

3.

**LOUELLA TRUSCLAIR** was walking down an aisle in the children's clothing department in the store.

4.

Unbeknownst to **LOUELLA TRUSCLAIR**, there was a plastic clothes hanger on the floor in the aisle where she was walking.

5

**LOUELLA TRUSCLAIR** stepped onto the clothes hanger in the aisle.

6.

**LOUELLA TRUSCLAIR** slipped when she stepped onto the clothes hanger.


EXHIBIT A

Certified True and Correct Copy
CertID: 2020060100378

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
6/1/2020 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

7.

**LOUELLA TRUSCLAIR** fell to the ground after slipping on the clothes hanger.

8.

**LOUELLA TRUSCLAIR** was injured as a result of the fall.

9.

The presence of the clothes hanger on the floor in the aisle of the store presented an unreasonable risk of harm to patrons, such as **LOUELLA TRUSCLAIR**, and was a hazardous condition.

10.

The defendants knew, or in the exercise of reasonable care, should have known, that there was a clothes hanger on the floor in the aisle of the store.

11.

The risk of harm to its patrons, such as **LOUELLA TRUSCLAIR**, due to the clothes hanger on the floor in the aisle of the store was reasonably foreseeable to the defendants.

12.

This incident and the resulting injuries sustained by the plaintiff were caused by the fault and negligence of defendants, **WAL-MART LOUISIANA, LLC and/or WALMART, INC.**, in the following non-exclusive respects:

    a.    By failing to maintain the premises in a safe condition;

    b.    By failing to warn plaintiff of the unsafe condition;

    c.    By failing to inspect the area and/or to remove such hazards;

    d.    By failing to prevent plaintiff from entering into what defendants knew or should have known was an unsafe area;

    e.    By failing to remove the clothes hanger from the floor;

    f.    By failing to follow store policies, procedures, and guidelines;

    g.    By failing to exercise reasonable care in light of its knowledge of the hazardous condition that caused the damages alleged herein; and

    h.    Such other omissions and acts of negligence which may be proven at trial of this matter, all of which were in contravention of the exercise of reasonable care, prudence, and the laws of the State of Louisiana, which are specially pleaded as if and as though copied *in extenso*.

13.

As a result of the fall, plaintiff, **LOUELLA TRUSCLAIR**, has sustained, and will continue to sustain into the future, the following non-exclusive elements of damages:


Certified True and Correct Copy
CertID: 2020060100378

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
6/1/2020 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

    a.    Physical pain and suffering (past, present and future);

    b.    Mental anguish (past, present and future);

    c.    Loss of enjoyment of life (past, present and future);

    d.    Disfigurement and disability;

    e.    Medical Expenses (past, present and future);

    f.    Lost Wages/Earnings (past, present and future);

    g.    Loss of earning capacity;

    h.    Other elements of damages developed during discovery and/or demonstrated with particularity at the trial of this matter.

14.

Plaintiff, LOUELLA TRUSCLAIR, was free from fault and did not cause and/or contribute to her fall.

**WHEREFORE**, plaintiff, LOUELLA TRUSCLAIR, prays that defendants be duly served and cited to appear and answer this Petition, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of plaintiff, LOUELLA TRUSCLAIR, and against defendants, WAL-MART LOUISIANA, LLC and WALMART, INC., jointly and *in solido*, for such damages as are reasonable in the premises, together with legal interest from the date of judicial demand, until paid, plus all costs of these proceedings, and such equitable relief to which plaintiff may be entitled.

BY ATTORNEYS:

DUDLEY DEBOSIER, APLC

ANDREW J. REYNOLDS (#32223)
1075 Government Street
Baton Rouge, Louisiana 70802
Telephone: (225) 239-7249
Facsimile: (225) 239-7299
*Attorneys for Plaintiff*

**PLEASE SERVE:**

WALMART, INC.
Through its Agent for Service of Process:
CT Corporation System
3867 Plaza Tower Drive,
Baton Rouge, Louisiana 70816

WAL-MART LOUISIANA, LLC
Through its Agent for Service of Process:
CT Corporation System
3867 Plaza Tower Drive,
Baton Rouge, Louisiana 70816


Certified True and Correct Copy
CertID: 2020060100378

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
8/1/2020 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).